IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

AMBER CURTIS,

        Plaintiff,

   v.

MICHAEL ASTRUE, Commissioner
Social Security Administration,

        Defendant.

Case No. 3:11-cv-1351-SI

OPINION AND ORDER

Merrill Schneider, Schneider Caver Law Offices, P.O. Box 14490, Portland, Oregon
97293. Attorney for Plaintiff

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United
States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third
Avenue, Suite 600, Portland, Oregon 97201; David Morado, Regional Chief Counsel,
Simone Pereira Cain, Special Assistant United States Attorney, Office of the General
Counsel, Social Security Administration, 1301 Young Street, Suite A702, Dallas, Texas
75202. Attorneys for Defendant.

**SIMON, District Judge.**

Plaintiff Amber Curtis seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), finding her not disabled and denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

## I.    BACKGROUND

### A.    The Plaintiff

Ms. Curtis was born in 1979. Tr. 43. She has a GED. *Id.* She applied for benefits on August 7, 2009, alleging disability since March 17, 2009, due to obesity, degenerative joint disease in both knees, depression, anxiety, Wolff-Parkinson-White Syndrome, and diabetes mellitus. Tr. 20, 22-23. The Commissioner denied Ms. Curtis's application initially and upon reconsideration. Tr. 20. An Administrative Law Judge ("ALJ") held a hearing on May 2, 2011. *Id.* On May 13, 2011, the ALJ found Ms. Curtis not disabled. Tr. 20-31.

### B.    The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 month[s]." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 416.920; *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987). Each

step is potentially dispositive. 20 C.F.R. § 416.920(a)(4). The five-step sequential process

asks the following series of questions:

1.      Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the claimant is performing such work, she is not disabled within the meaning of the act. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. § 416.920(e). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

PAGE 3, OPINION AND ORDER

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.; see also* 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

## C.      The ALJ's Decision

At step one, the ALJ found that Ms. Curtis was not performing substantial gainful activity. Tr. 22. At step two, the ALJ found that Ms. Curtis had the following severe impairments: obesity, degenerative joint disease in both knees, depression, and anxiety. *Id.* At step three, the ALJ concluded that the impairments did not meet or equal impairments listed in the Commissioner's regulations, and that Ms. Curtis retained the RFC to perform sedentary work, precluded from climbing and with only occasional balancing, stooping, kneeling, crouching, and crawling.  Tr. 24, 26.  In making this RFC determination, the ALJ found Ms. Curtis's testimony regarding her symptom not credible. The ALJ based this finding on the grounds of Ms. Curtis's testimony concerning her limitations was inconsistent with her testimony about her activities of daily living

("ADLs") and with the evidence presented at the hearing about Ms. Curtis's ability to work as a telemarketer, although not at a gainful level of activity.  The ALJ further based this finding on the absence of any reported earnings by Ms.Curtis at a gainful level even before the alleged onset of disability, as well as several years in which Ms. Curtis had no reported income at all. The ALJ concluded that Ms. Curtis's work history "reflects unfavorably on her credibility because it shows that she has not put forth a good faith effort to support herself, and relies on others' generosity." Tr. 27. Because Ms. Curtis had no past relevant work to evaluate at step four, the ALJ found, at step five, that Ms. Curtis had the RFC to perform jobs as a telephone solicitor, telemarketer, and operator for a telephone answering service. The ALJ identified these jobs on the basis of expert testimony from a vocational expert. Tr. 30-31. Accordingly, the ALJ found Ms. Curtis not disabled.

## II.    STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowern,* 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the

Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-27.

## III.    DISCUSSION

Ms. Curtis asserts that the ALJ erred by: (1) failing properly to evaluate the treating medical opinion of Stacie Carney, M.D.; (2) not giving germane reasons for rejecting third party statements; (3) failing to include any limitations in the RFC for severe mental impairments; (4) making step five findings that were not supported by substantial evidence; and (5) failing to order a psychological consultative examination.

## A.    The ALJ's Consideration of Dr. Carney's opinion

On April 25, 2011, Dr. Carney completed a questionnaire provided by Plaintiff's counsel. Tr. 674-79. Dr. Carney noted that she began treating Ms. Curtis on March 11, 2011 (Tr. 674). The questionnaire stated: "Ms. Curtis' medical conditions include: diabetes type II, arthritis of the knees, obesity, diarrhea, depression, and PTSD." This sentence was followed with the question: "Do you agree that Ms. Curtis suffers from these conditions?" Dr. Carney checked a box designated "Yes." *Id.* In response to the question, "Are there any other medical conditions from which Ms. Curtis suffers?" Dr. Carney responded, "Low back pain." *Id.* Asked what symptoms resulted from

Ms. Curtis's impairments, Dr. Carney wrote, "pain in knees and back, low stamina and shortness of breath with small amounts of activity, diarrhea, significant anxiety and panic in any situation outside the house." *Id.* Dr. Carney opined that Ms. Curtis could lift no weight, could stand or walk for no more than five minutes at a time, could stand or walk for no more than one hour total in an eight-hour day, and could sit for no more than 20 minutes at a time. Tr. 675-76. Dr. Carney also wrote that "fatigue would limit constant use of hands, fingers" such that Ms. Curtis could use her hands for gross or fine manipulation only occasionally. Tr. 676. In Dr. Carney's opinion, Ms. Curtis's pain, fatigue, weakness, and nervousness limited her ability to concentrate and pay attention to even simple work tasks for over 90 percent of a work day.

The ALJ gave Dr. Carney's opinions little weight because Dr. Carney

> did not begin treating the claimant until approximately two months
> ago, and only evaluated her condition for a brief period of time
> during the period of alleged disability. Second, the doctor's
> opinions are not supported by the claimant's activities of daily
> living or the medical record as a whole. Lastly, the doctor's
> opinions contain very little analysis for the conclusions reached.

Tr. 26. Dr. Carney's opinions are contradicted by those of reviewing physicians Linda Jensen, M.D., in May 2011; Martin Lahr, M.D., in March 2010, and Sharon Eder, M.D., in December 2008. Each of these physicians opined that Ms. Curtis could lift 20 pounds occasionally and 10 pounds frequently; and stand, walk, and sit for up to six hours in an eight-hour day. The ALJ gave greater weight to the opinions of Doctors Jensen and Lahr because they were recent and consistent with the medical record as a whole. The contradicted opinions of a treating physician may be rejected for specific and legitimate reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

PAGE 7, OPINION AND ORDER

The Court concludes that the ALJ's reasons for rejecting the opinion of Dr. Carney satisfy the "specific and legitimate" standard. Dr. Carney's answers to the questionnaire provide no clinical basis for her opinion that Ms. Curtis could sit no more than five minutes at a time, could lift no weight whatever, or that she was unable to use her hands and fingers. As the ALJ found, some of Dr. Carney's opinions were contradicted by Ms. Curtis's hearing testimony that she is able to care for her three-year-old child and sit for at least half an hour at a time, Tr. 26, as well testimony from: (1) Nicole Labins, Ms. Curtis's mother, that her daughter "tends to every need" of her son, prepares meals, does laundry, shops in stores for groceries, Tr. 29, and (2) Ms. Curtis's friend Shelby Alexander that Ms. Curtis cooks for her son, bathes him, plays with him, and is able to prepare meals, wash dishes, do laundry, and clean house. Tr. 29-30.

## B.    The ALJ's Consideration of Third Party Statements

Ms. Curtis asserts that the ALJ rejected the third party statements of Nicole Labins and Shelby Alexander without giving reasons germane to each witness. The ALJ, however, did not reject the testimony of these witnesses.  Instead, the ALJ relied on their evidence to support the ALJ's credibility findings. The ALJ's opinion commented that Ms. Labins,

> [n]oted the claimant watches TV, takes care of her eight month old son and tends to his every need, prepares meals, washes the laundry, and shops in stores for groceries. Lastly, she noted the claimant takes amazing care of her son despite her conditions. Thus, the statements of Ms. Labins support a finding the claimant is not as limited as she alleges.

Tr. 29. The ALJ made similar findings with respect to the report of Mr. Alexander:

> Mr. Alexander stated the claimant is able to cook for her son, bathes him, and plays with him. He also noted the claimant is able

to prepare meals, wash the dishes, wash the laundry, and clean her
home. Thus, Mr. Alexander's statements indicate the claimant is
not as limited as she alleges.

Tr. 30.

### C.    The ALJ's RFC Findings

Ms. Curtis challenges the ALJ's failure to adopt Dr. Carney's opinion that she had

extreme limitations in the ability to concentrate, persist, and maintain pace. As discussed

above, however, the ALJ provided specific and legitimate reasons for giving

Dr. Carney's opinions little weight. Ms. Curtis has produced no other evidence that she

has extreme limitations in the areas of concentration, persistence, and pace; in fact, as the

ALJ noted, Ms. Curtis testified that she was working at doing grocery surveys in January

2009 and that she liked the work and her boss. Tr. 27, 413. According to Ms. Curtis, she

quit the job because she wanted to avoid the drug use among employees in order to

maintain her sobriety. Reviewing psychologists Sandra Lundblad, Psy.D., in

February 2010, and Dorothy Anderson, Ph.D., in December 2008, opined that Ms. Curtis

had only mild limitations in concentration, persistence or pace. Tr. 463-74, 317-28.  The

Court finds no error here.

### D.    The ALJ's Findings at Step Five

Ms. Curtis argues that the ALJ erred in finding that she would be capable of

performing the requirements of the three occupations identified by the VE because all

three are semi-skilled positions and she has no transferable skills from past relevant work

or recent educational training. As the Commissioner points out, Ms. Curtis has a high

school equivalency education and is therefore presumed to be able to perform semi-

skilled through skilled work. 20 C.F.R. section 416.964(b)(4). In addition, Ms. Curtis

reported that she had previously worked as a telemarketer. Tr. 135. The ALJ asked the

VE to consider an individual of Ms. Curtis's age, education, work experience, and RFC. The VE testified that such an individual would be able to perform the requirements of representative occupations such as telemarketer, telephone solicitor, and telephone answering service worker. "The VE's recognized expertise provides the necessary foundation for his or her testimony." *Bayliss,* 427 F.3d at 1218.

**E.    The ALJ's Decision Not to Order a Psychological Examination**

Ms. Curtis contends that the ALJ failed to fulfill his duty to develop the record when he decided not to order a psychological consultative examination. "The ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  Ms. Curtis asserts that the evaluations of the reviewing psychologists conflict with those of Dr. Carney and for this reason the record requires further development. This conclusion does not follow. The ALJ properly rejected the opinion of Dr. Carney and properly accepted the opinions of the reviewing psychologists, Doctors Lundblad and Anderson. The record is neither ambiguous nor inadequate to allow for proper evaluation of the evidence.

## IV.    CONCLUSION

The ALJ's decision is based upon substantial evidence in the record and the correct legal standards and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED  this 2nd day of January, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge